# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES D. WILLIAMS,** | : | **CIVIL NO. 3:CV-12-0234** |
| Petitioner | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **DAVID VARANO,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Charles Williams Bey ("petitioner"), a state inmate presently incarcerated at the State Correctional Institution at Coal Township, Pennsylvania, filed the instant petition on February 7, 2012, challenging the December 5, 2011, denial of parole by the Pennsylvania Board of Probation and Parole ("Board"). (Doc. 1.) The petition is presently ripe for disposition. For the reasons set forth below, the petition will be denied.

I. **Background**

On November 21, 2003, following pleas of guilty to drug charges of possession, manufacture, sale, and delivery or possession with intent to deliver, petitioner was sentenced to various terms of incarceration in Erie County, Pennsylvania Case Nos. 3210 of 2002, 3211 of 2002, 3212 of 2002, 3213 of 2002, 3214 of 2002, 2667 of 2002, and 3194 of 2002. (Doc. 19-1, at 47.) His controlling minimum date was September 23, 2010 and his maximum date is September 23, 2016. (Id. at 48.)

On July 2, 2010, the Pennsylvania Board of Probation and Parole (the "Board") issued

a Notice of Board Decision advising petitioner of the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Parole Act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: You are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your need to participate in and complete additional institutional programs.
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Your prior unsatisfactory parole supervision history.
>
> Your failure to demonstrate motivation for success.
>
> You are to be reviewed on or after November, 2010.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for substance abuse therapeutic community.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.

(Doc. 19-1, at 52-53.) He received another parole review the following year and, on December 2, 2010, he was notified that he was denied parole for the same reasons cited above, as well as for his unacceptable compliance with prescribed institutional programs. (Id. at 55-56.) On December 5, 2011, the Board issued a Notice of Board Decision denying parole based on petitioner's unacceptable compliance with prescribed institutional programs, his risk and needs assessment indicating his level of risk to the community, the negative

2

recommendation made by the Department of Corrections, and his failure to demonstrate motivation for success. (Doc. 19-1, at 64.) He was notified that he was to serve his unexpired maximum sentence of September 23, 2016, or would be reviewed earlier if recommended by the Department of Corrections due to appropriate adjustment and program completion. (Id.)

On February 7, 2012, the instant petition was filed.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). Pursuant to the AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It is well established that "[t]here is no constitutional right or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (holding [t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Nor does he have any right based on Pennsylvania law to parole release. See Weaver v. Pennsylvania Bd. of Prob. & Parole, 688 A.2d 766, 770

3

(Pa.Commw. 1997) (finding that under Pennsylvania law, parole is a favor, and the prisoner has no protected liberty interest in being released before a legitimately imposed sentence has expired). See also Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996) (parole is not a constitutionally protected liberty interest under Pennsylvania law); Rauso v. Vaughn, 79 F. Supp.2d 550, 552 (E.D.Pa. 2000); Rogers v. Pa. Bd. of Prob. & Parole, 724 A.2d 319 (1999). While "states may under certain circumstances create liberty interests which are protected by the Due Process Clause," Sandin v. Conner, 515 U.S. 472 (1995), the Pennsylvania Supreme Court has long held that the denial of parole does not implicate a constitutionally protected liberty interest because parole is a discretionary matter, granted to a prisoner who has demonstrated the ability to function in society as a law-abiding citizen. Coady v. Vaughn, 770 A.2d 287 (Pa. 2001); Rogers, 724 A.2d 319. Thus, an inmate has no right to parole.

Petitioner also attempts to advance a substantive due process claim. He contends that he was denied parole in retaliation for filing a civil rights action wherein he asserts that his mandated participation in Pennsylvania Department of Corrections' religious based Treatment Program for Substance Abuse Therapeutic Community violates his First Amendment rights. Charles Williams Bey v. Pennsylvania Board of Probation and Parole, Civil No. 3:10-CV-2597. He specifically states that "[o]n the 18th day of April, 2011, the Pennsylvania Board of Probation and Parole was served notice that it was a defendant in a civil action initiated by plaintiff for denying plaintiff parole for religious reasons. On the 5th day of December, 2011, said defendant rendered a decision based on religious conformance."

4

(Doc. 1, at 5.) To the extent that petitioner attempts to argue whether the Pennsylvania Department of Corrections' religious based Treatment Program for Substance Abuse Therapeutic Community violates his First Amendment rights, because the issue is simultaneously being litigated in this district, this Court will not address the issue. Rather, review of the Board's decision will be in accord with the principles set forth *infra*.

A federal court's review of a state parole board decision is limited to an abuse of discretion inquiry. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980). Specifically, the state may not deny parole on unconstitutionally impermissible grounds, such as race, religion, ethnicity, or retaliation for exercising constitutional rights. Morrissey v. Brewer, 408 U.S. 471 (1972). "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion." Block, 631 F.2d at 237. The Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious actions is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but rather, something more egregious, at times "conscience shocking." Hunterson v. DiSabato, 308 F.3d 236, 246–47 (3d Cir. 2002); see also Evans v. Secretary, Pa. Dep't of Corrs., 645 F.3d 650, 659 (3d Cir. 2011).

Pennsylvania law grants the Parole Board vast discretion to refuse or deny parole. See 61 PA.C.S. § 6137. The law authorizes the Board, in its discretion, to consider various factors, similar to those considered in petitioner's case, in granting or denying parole. See 61

PA.C.S. § 6135.[1] Pennsylvania courts have affirmed the Board's complete discretion to parole a convict. See e.g., Rogers, 724 A.2d at 319; Reider v. Commw. Pa. Bd. of Prob. & Parole, 514 A.2d 967, 971 (Pa.Commw.Ct. 1986). "Federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001).

---

[1](a) Duty to investigate.--The board, on the commitment to a correctional facility of any person whom the board is given the power to parole under this chapter, shall consider:

(1) The nature and circumstances of the offense committed.

(2) Any recommendations made by the trial judge and prosecuting attorney.

(3) The general character and background of the inmate.

(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 PA.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.

(5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).

(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.

(7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

61 PA. C.S. § 6135.

In the instant matter, the Board's rationale for denying parole was not the result of some arbitrary basis such as "race, religion, political beliefs, or . . . frivolous criteria with no rational relationship to the purpose of parole. . . ." Block, 631 F.2d at 235. It was grounded in the Board's legitimate discretion applying the legitimate factors established by the Pennsylvania Legislature such as unacceptable compliance with prescribed institutional programs, his risk and needs assessment indicating his level of risk to the community, the negative recommendation made by the Department of Corrections, and his failure to demonstrate motivation for success. Further, there is not a shred of evidence that supports petitioner's claim that the denial of parole was in retaliation for the filing of a civil action. In fact, the record indicates that the Board members that voted to refuse petitioner parole were unaware of the pending litigation and that their votes were based on the considerations set forth in 61 PA.C.S. § 6135. (Doc. 19-1, at 58-59, ¶¶ 2-5; Doc. 19-1, at 61-62, ¶¶ 2*5.)

Simply stated, petitioner has not demonstrated that any of the factors considered by the Board shock the conscience, or that such factors constitute behavior intended to injure him in a way that is not justified by any legitimate government interest. See McGinnis v. Royster, 410 U.S. 263, 277 (1973) (it is a "legitimate desire of the state legislature to afford state prison officials an adequate opportunity to evaluate both an inmate's conduct and his rehabilitative progress before he is eligible for parole."); Prevet v. Barone, 428 F. App'x 218, 220 (3d Cir. 2011) (DOC's negative recommendation is a legitimate penological concern); Gordon v. Wenerowicz, 2011 WL 5509538, at *4 (M.D.Pa. Nov. 10, 2011) (denying parole

7

because petitioner poses a risk to the community is not "conscience shocking."). Because the Board's actions were soundly grounded in its statutory mandate, petitioner is not entitled to relief.

III. **Conclusion**

Based on the foregoing, petitioner's writ of habeas corpus will be denied. An appropriate order follows.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated:    December 26, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES D. WILLIAMS, | : | CIVIL NO. 3:CV-12-0234 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DAVID VARANO, | : | |
| | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 26th day of December 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is DENIED.

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court